UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA THEM,<br><br>      **Plaintiff,**<br><br>  v.<br><br>MECHANICS BANK,<br><br>      **Defendant.** | CASE NO.: 23cv1193-BEN (DDL)<br><br>**ORDER GRANTING MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT** |

Defendant's motion for relief from entry of default is now pending before the Court. Having carefully considered the briefing, Defendant's motion is granted.

## I. BACKGROUND

On June 28, 2023, Plaintiff filed his complaint alleging violations of the California Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §§ 1788-1778.32) and violations of the federal Telephone Consumer Protection Act (47 U.S.C. §227). A declaration of service of summons was filed October 20, 2023. Three days later, on October 23, 2023, Plaintiff moved for entry of default. The Clerk's default was entered the following day on October 24, 2023. On

December 20, 2023, Defendant filed its motion to set aside the default. Plaintiff has filed an opposition and Defendant has replied.

## II.   LEGAL STANDARD

A court may set aside the entry of default upon a showing of "good cause." FRCP 55(c). "The good cause standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).  "To determine good cause, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether setting aside the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).  When considering whether to set aside default, a court should bear in mind that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* at 1091.  To decide cases on the merits, a court shall resolve "any doubt regarding whether to grant relief in favor of vacating default." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994).

### A. Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Mesle*, 615 F.3d at 1092 (quotation marks and citations omitted).  In other words, the movant must have acted with bad faith, such as with an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process. *Id*.  Mechanics Bank in this case has not engaged in "culpable conduct" for purposes of the good cause standard. Defendant's Deputy General Counsel, who is solely responsible for retaining

outside counsel to represent the bank in litigation did not become aware of the lawsuit until November 2023.  See Declaration of Tew, ISO Mot. to Set Aside, Dkt 8-2, at ¶2-5.  He was alerted by a staff member who performs PACER searches and discovered the Clerk's entry of default.  *Id.* at ¶5.  Counsel states, "I did not intend to allow Mechanics Bank's default to be entered." *Id.* at ¶4.  Nothing indicates the failure to timely respond was made with bad faith such as with an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.  This factor weighs in favor of setting aside the default.

### B. Meritorious Defense

A defendant seeking to vacate a default judgment must present facts that could constitute a defense.  This is not difficult.  A Rule 55(c) motion to set aside a Clerk's default does not call for an early trial of the dispute.  All that is necessary to satisfy the meritorious defense requirement is for the defendant to allege sufficient facts (consistent with FRCP 11 obligations) that, if true, would constitute a defense.  Whether the factual allegations eventually prove to be true would be the subject of normal later proceedings like Rule 56 motions or trial.  *Mesle*, at 1094.  Instead of a mini-trial a court is asked to determine only whether "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).  Mechanics Bank has asserted facts that could be a defense if proven true to both of the claims made by Plaintiff.  Given the minimal burden of asserting a meritorious defense, this factor weighs in favor of setting aside the default.

### C. Prejudice

"The third factor examines whether Plaintiff will be prejudiced by setting aside the entry of default.  In determining whether Plaintiff will be prejudiced,

'the standard is whether Plaintiff's ability to pursue its claim will be hindered.'" *Stark v. Smart Solar Mktg.*, No. 19cv91-DMS (BGS), 2019 WL 13203939, at *3 (S.D. Cal. May 10, 2019) (citations omitted). Being forced to litigate one's claim in regular proceedings is not the type of prejudice which would weigh against setting aside a default. "The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433–34 (9th Cir. 1996). Given the infancy of this case and the strong federal law preference for resolving cases on the merits, vacating the entry of default will not prejudice Plaintiff. Accordingly, this factor, too, weighs in favor of vacating the default.

### III.   CONCLUSION

Given all three *Mesle* factors weigh in favor of Defendant, the Court grants the motion for relief from entry of default. Plaintiff's request for sanctions is denied. Defendant shall file an Answer or otherwise plead within 15 days.

**IT IS SO ORDERED.**

DATED:   July 3, 2024

**HON. ROGER T. BENITEZ**
United States District Court